IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FLAGSTAR BANK, FSB,
    Plaintiff,

v.                                                         Civil No. 3:21cv568 (DJN)

KEITER, STEPHENS, HURST, GARY
& SHREAVES, *A Professional Corporation*
d/b/a Keiter CPA
    Defendant.

## SCHEDULING AND PRETRIAL ORDER

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. The term "Rule(s)" refers to the Federal Rules of Civil Procedure and "Local Rule(s)" refers to the Local Rules for this District. This Order supersedes any previous scheduling order(s).

### Trial Date

1.     Trial is scheduled with a jury to commence at 9:30 a.m. with jury selection only on **November 14, 2022** and to continue with opening statements and testimony beginning on **November 15, 2022,** and continuing until **November 18, 2022.**

### Answer and Joinder

2(a). Any defendant that has not filed an Answer shall do so within eleven (11) calendar days from the date of this Order without prejudice to any motions already filed by the defendant.

2(b). Any motions for joinder of additional parties shall be filed within fifteen (15) calendar days after entry of this Order.

### Motions Challenging Pleadings and Leave to Amend

3(a). If a party has filed or hereafter files a motion to dismiss a pleading pursuant to Rules 12(b)(1)-(3) or 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(h)(2)(B), a motion for a more definite statement pursuant to Rule 12(e), or a motion to strike pursuant to Rule 12(f), consistent with Rule 15(a)(1), the party/parties whose pleading is challenged by the motion shall have twenty-one (21) days from service of the motion or seven (7) days from the issuance of this Order, whichever is later, in which to file an amended pleading.

3(b). If the nonmovant(s) files an amended pleading within the period prescribed in Paragraph 3(a), the Court shall as a matter of course deny the motion challenging the original pleading with leave to refile the motion based on the amended pleading. The party/parties whose pleading is challenged by the refiled motion shall not have leave to file a second or subsequent amended pleading without filing a separate motion for leave to amend, which shall be granted only upon satisfaction of Rule 16(b)(4) and Rule 15. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (requiring parties moving for leave to amend outside of the deadlines prescribed in a scheduling order to satisfy the good cause requirement of Rule 16(b)(4) and the requirements of Rule 15).

3(c). If the nonmovant(s) does not file an amended pleading within the period prescribed in Paragraph 3(a), the Court will resolve the relevant motion based on the original pleading, with

leave to amend the original pleading granted only upon satisfaction of the requirements of Rule 16(b)(4) and Rule 15.

## Rule 26 Disclosures

4(a). Not later than **June 17, 2022**, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Rule 26(a)(2)(B) and (C) for each such expert witness. Rule 26(a)(2)(B) shall <u>not</u> be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26.

4(b). Not later than **July 18, 2022**, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Rule 26(a)(2)(B) and (C) for each such expert witness.

4(c). Not later than **July 27, 2022**, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 4(b) and shall serve all other parties with a copy of a written report complying with the requirement of Rules 26(a)(2)(B) and (C) for each such expert witness.

4(d). The parties may rely upon the testimony of only one expert per topic, except by order of the Court.

4(e). Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than **August 8, 2022**. Any response to such a motion shall be filed not later than ten (10) calendar days after

3

the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.

### Completion of Discovery

5(a). All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than **July 18, 2022**, except by order of the Court.

5(b). Counsel are expected to resolve discovery disputes without filing motions or involving the Court. Should a dispute arise, consistent with Local Rule 37(E), counsel must confer in good faith to resolve the dispute. "Good faith" means that the parties have met in person and engaged in one-on-one discussions, not that the parties have merely exchanged correspondence. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the parties shall file a <u>joint</u> motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met in person and conferred in good faith to resolve the dispute before involving the Court. The Court strongly prefers that the parties file a joint motion, so that the dispute can be addressed in an expedited manner. In extraordinary situations where the parties believe that a joint pleading is not feasible, the parties must file a motion for leave to file separate submissions, setting forth the reasons that a joint submission cannot suffice. The parties must file any motions with sufficient time for the Court to resolve the dispute before the completion of discovery, because the Court will not extend the discovery deadline due to a dispute except in extraordinary circumstances. Counsel are reminded that

discovery disputes requiring judicial intervention are strongly disfavored and that the Court will impose sanctions pursuant to Rule 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (recognizing a trial court's inherent authority to control the litigation of a case and impose sanctions for abuse of the judicial process); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976) (affirming the power of district courts to, in their discretion, issue Rule 37 sanctions).

5(c). No discovery materials shall be filed with the Clerk except by order of the Court.

5(d). If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the responses to the request for production in the time required by the Federal Rules, the Local Rules or by a deadline established by an order of the Court.

5(e). If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party

is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

5(f). No party shall take more than five (5) depositions of non-party witnesses without leave of Court. For purposes of this paragraph, a deposition of a non-party entity under Rule 30(b)(6) shall count as one deposition, even if the entity designates multiple witnesses to testify.

5(g). Counsel shall serve all discovery requests by e-mail and hardcopy, unless the parties otherwise agree in writing. *Pro se* litigants are not required to serve discovery requests by e-mail, and represented parties are not required to serve *pro se* litigants by e-mail.

## Dispositive Motions

6. All dispositive motions shall be filed not later than **August 8, 2022**. This deadline shall not change, except by order of the Court. Counsel must submit two (2) courtesy copies of all motions and one (1) copy of all exhibits to Chambers. Counsel are reminded of the requirements of Local Rule 56(B), which are specifically incorporated herein regarding motions for summary judgment.

## Non-Dispositive Motions

7. All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions, *see* ¶ 4(e) *supra*) shall be filed not later than **October 17, 2022**. The brief in opposition to such non-dispositive motions shall be filed not later than six (6) days after the motion is filed. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than three (3) days after the opposition is filed.

## Oral Argument

8(a). Consistent with Local Rule 7(J), the Court will decide all motions on the papers unless the Court orders oral argument on its own initiative or on separate motion filed by the parties. The separate motion must include an incorporated brief explaining why oral argument will materially aid in the decisional process.

8(b). The Court will not enforce the provisions of Local Rule 7(E) to the extent that it requires a movant to schedule a hearing within thirty (30) days after filing a motion.

## Proposed Witnesses

9. Each plaintiff shall file a list of proposed witnesses not later than **October 5, 2022**, and each defendant shall designate its witnesses not later than **October 17, 2022**. Plaintiff(s) shall file a list of any rebuttal witnesses not later than six (6) days after defendant designates its witnesses. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

## Discovery To Be Used As Evidence

10. Each plaintiff shall file a designation not later than **October 5, 2022** specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise not later than **October 17, 2022**. Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission. For nonjury trials, pursuant to Local Rule 30(G), counsel shall provide summaries of any deposition testimony, pointing to the salient points to be noted by the Court. Any objection to the introduction of any discovery material shall be filed not later

than **October 21, 2022** or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

### Jury Trial

11(a). If this matter is to be tried by a jury, counsel for all parties shall <u>jointly</u> file electronically any requested jury instructions, including all requested standard instructions, not later than **October 24, 2022**. The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects. Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects. Counsel shall also provide a copy of the requested jury instructions in Microsoft Word format via e-mail to Chambers.

11(b). Not less than three (3) calendar days after the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction.

11(c). Not less than five (5) calendar days after the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

### *Voir Dire*

12. Any proposed jury *voir dire* to be requested by any party shall be filed not later than **October 24, 2022**. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

### Bench Trial

13. If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law not later than **October 31, 2022**. Counsel shall also provide a copy of the proposed findings of fact and conclusions of law in Microsoft Word format via e-mail to Chambers.

### Written Stipulations

14. Not later than **October 21, 2022**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than **October 24, 2022**.

## Proposed Exhibits

15(a). Each plaintiff shall file a list of proposed exhibits not later than **October 5, 2022** and shall provide a copy of all proposed exhibits to all parties. Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party not later than **October 17, 2022**. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed not later than six (6) days following defendant's filing of proposed exhibits.

15(b). In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least one day before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations.

## Deadlines

16. Unless otherwise specified, any deadline established herein shall be governed by Rule 6. For purposes of Rule 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

## Settlement

17(a). This case is hereby REFERRED to United States Magistrate Judge **Mark R. Colombell** for settlement. The parties shall be responsible for contacting the chambers of the Magistrate Judge to schedule the settlement conference. If amenable to the Magistrate Judge and otherwise consistent with their calendar, the Court orders the parties to schedule the settlement conference before **July 31, 2022**. The parties may elect to utilize a private mediator for settlement purposes; however, if they elect to do so, the parties must still schedule a settlement

conference with the Magistrate Judge before the deadline and then meet with the private mediator before the scheduled settlement conference with the Magistrate Judge.

17(b).  The parties shall file notice of any settlement, either in whole or in part, as soon as practicable but not later than 12:00 p.m. on the nearest business day following the date of settlement.  Counsel shall submit a stipulation of dismissal not later than fourteen (14) calendar days after filing the notice of settlement, unless otherwise ordered by the Court.  If such stipulation is not timely filed, the Court will dismiss this action with prejudice as to all parties involved in the settlement.

### Final Pretrial Conference

18.  A Final Pretrial Conference will be held on **October 13, 2022** at **10:00 a.m.**  Not later than seven (7) days before the Final Pretrial Conference, the parties shall <u>jointly</u> submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues.  The proposed Final Pretrial Order shall be broken down by the following sections:  (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### Pretrial Briefs

19.  The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice.  Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy.  Instead, pretrial

briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed not later **November 6, 2022.**

## Courtroom Technology

20(a). All exhibits will be presented by available electronic means during trial. The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box. The parties may also use personal laptop computers to aid in the presentation of evidence. The Court does not provide laptops. The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities: http://www.vaed.uscourts.gov/resources/Court%20Technology/evidence_presentation_systems.htm.

20(b). Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

20(c). Any party wishing to bring personal electronic devices, including laptops and cell phones, to a proceeding should submit a Request for Authorization form to the undersigned's law clerks at least three (3) days before the proceeding. While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

## Attorneys' Fees

21. Any motion for an award of attorneys' fees will be addressed after trial pursuant to Rule 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A

party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case, describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

### Communications with Chambers

22.  *Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and other clerical matters. All other requests and communications should be made via filings on the public docket.

The Clerk is DIRECTED to provide a copy of this Order to all counsel of record and any party not represented by counsel.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: March 1, 2022